**UNITED STATES of America**

v.

**Joseph SERAO, Charles Cafaro, Benjamin Genetempo and Armand Romanelli, Defendants.**

United States District Court
S. D. New York.
Nov. 12, 1963.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Andrew J. Maloney, Asst. U. S. Atty., of counsel, for the United States.

Michael P. Direnzo, New York City, for defendants Genetempo and Romanelli.

Albert J. Krieger, New York City, for defendants Serao and Cafaro.

McGOHEY, District Judge.

The United States Attorney has filed an information charging that the defendants being "engaged in the business of accepting wagers and in receiving wagers for and on behalf of a person engaged in the business of accepting wagers," failed to pay the special tax imposed by law and failed to register as required by law with the official in charge of the internal revenue district. The defendants have moved for bills of particulars and the suppression as evidence of certain property seized in four separate apartments.[1]

The papers raise no issue of fact. as to the latter motions. Accordingly, no hearing has been held.

The government has consented to furnish the particulars specified in the first and third demands. It is directed to furnish the particulars specified in the second demand also.

■ It is not disputed that on March 21, 1963, a United States Commissioner in this district issued a warrant for the arrest of "Joe Carroll," now known to be the defendant Serao, and four search warrants for premises severally described as "Apt. 3 B, 261 West 90th Street, New York," "Apt. 11, 329 West 89th Street, New York, New York," "Apt. 1 AA 255 West 93d Street, New York, New York," and "Apt. B, 327 West 87th St., New York, N. Y." Each warrant was based upon an affidavit of Special Agent David Ostrager of the Internal Revenue Service.

On the following day, March 22, 1963, pursuant to the warrant issued for the arrest of "Joe Carroll," the defendant Serao was arrested in apartment 1 AA, 255 West 93d Street. The apartment was searched at the same time and certain property allegedly used to conduct gambling operations was seized. No other defendant claims to have been in that apartment at the time of the search or at any other time; and no defendant claims an interest of any kind in that apartment or its furnishings or any of the property seized in it.

The apartments described in the other search warrants also were searched on March 22. There is no claim that any defendant was in any of these apartments at the time it was searched or at any other time. Moreover, there is no claim that any defendant ever had or now has an interest of any kind in any of these apartments, or in its furnishings or any of the property seized therein.

It is clear from the foregoing that the only defendant who can claim to be "a

---

1. Two identical motions were filed; one on behalf of Serao and Cafaro, the other on behalf of Genetempo and Romanelli. The supporting affidavits are by counsel. No affidavit by any defendant has been filed. The motions were argued as one.

person aggrieved"[2] by any of the searches is Serao; and even he can make such claim only with respect to the search of apartment 1 AA at 255 West 93d Street in which he was arrested.[3] It is contended that the affidavit on which the warrant for the search of that apartment was issued was insufficient to justify the Commissioner's conclusion that there was probable cause for its issuance. The contention is rejected.

The affidavit which, as noted above, was made by a Special Agent of the Internal Revenue Service, states that "the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: testimony of Special Agents of the Internal Revenue Service: 1. Who placed wagers at telephone number AC 2-7926. 2. That the aforesaid telephone number was supplied to a Special Agent by an individual known as Joe Carroll for the purposes of placing wagers. 3. That investigation has disclosed that telephone number AC 2-7926 is installed at Apt. 1 AA at 255 West 93rd Street, New York, New York. 4. That a search of the records of the Internal Revenue Service revealed that neither the person known as Joe Carroll nor any other person residing at Apt. 1 AA at 255 West 93rd Street, New York, New York had paid the special tax imposed by 26 U.S.C. § 4411." That affidavit was clearly sufficient to support the Commissioner's conclusion as to probable cause.[4] But even if it were not, the search was nevertheless lawful, being incident to Serao's arrest which was made pursuant to an arrest warrant as to which no challenge of any kind has been made.

The motions for particulars are severally granted to the extent indicated. Otherwise they are severally denied.

The motions to suppress are severally denied.

So ordered.

---

2. Rule 41(e) of the Federal Rules of Criminal Procedure.

3. Jones v. U. S., 362 U.S. 257, 261, 80 S. Ct. 725, 4 L.Ed.2d 697.

